## LINCOLN NAT. LIFE INS. CO. v. PEAKE et al.

(District Court, W. D. Missouri, W. D. December 2, 1925.)

No. 566.

**1. Cancellation of instruments ⬠11—Plaintiff in suit to cancel policy should be relegated to law action, if remedies equally available.**

If plaintiff, in action to cancel insurance policy, has as practical, efficient, and prompt a remedy in action at law on policy then pending, he should be relegated to that action.

**2. Cancellation of instruments ⬠8—Equity will retain jurisdiction in suit to cancel policy, if necessary to prevent irreparable injury.**

Equity will retain jurisdiction of suit to cancel insurance policy, if it appears that under peculiar and special circumstances irreparable injury may be suffered if a preventive remedy is denied.

**3. Cancellation of instruments ⬠10—Remedy at law must be freely available to defeat suit for cancellation of insurance policy.**

A remedy at law sufficient to defeat suit to cancel insurance policy must be one vested in

complainant, to which he may at all times resort at his own option, without let or hindrance.

**4. Cancellation of instruments ⬳13—Incontestable clause and assignment of policy held special circumstances, warranting equitable cognizance of suit to cancel policy.**

Two-year incontestable clause and assignment of policy *held* to furnish special circumstances, warranting equitable *cognizance of suit* to cancel insurance policy for false and fraudulent statements in application, notwithstanding pendency of action at law on policy insurer's remedy at law not being adequate.

**5. Cancellation of instruments ⬳10—Doubt as to adequacy of legal remedy warrants equity in retaining jurisdiction of suit to cancel insurance policy.**

Doubt as to adequacy of legal remedy warrants equity in retaining jurisdiction of suit to cancel insurance policy.

**6. Equity ⬳39(1)—Equity will retain jurisdiction to give full and final relief.**

Equity, having acquired jurisdiction over subject-matter, will retain it as long as necessary to give full and final relief.

**7. Insurance ⬳400—Insurer's mere denial of liability is not contest of policy, within meaning of incontestable clause.**

Insurer's mere denial of liability is not contest of policy, within meaning of incontestable clause.

In Equity. Suit by the Lincoln National Life Insurance Company against Annie K. Peake and the Benefit Building & Loan Association for cancellation of an insurance policy. Plaintiff, by supplemental bill, sought postponement of action at law on policy, and defendant moved to dismiss both original and supplemental bills. Motions to dismiss overruled, and action at law postponed.

William C. Michaels (of Haff, Meservey, Michaels, Blackmar & Newkirk), of Kansas City, Mo., for plaintiff.

Francis M. Hayward, of Kansas City, Mo., for defendants.

REEVES, District Judge. By an original bill in equity plaintiff sought and now seeks to have canceled one of its policies of life insurance for fraud in its procurement. Subsequently one of the defendants brought a suit at law on the policy in a state court. Defendant there, plaintiff here, promptly removed the action to this court on proper grounds. By an amended and supplemental bill, plaintiff adds to the original bill a prayer to have the action at law postponed to the determination in equity.

Defendants have moved to dismiss the equity proceeding for the stated reason that the bill is insufficient. Moreover, defendant

Peake resists the application to postpone the law case, because she says plaintiff has, as defendant in that case, an adequate remedy at law, and that questions raised in the bill can be determined there. The policy, which is the bone of contention, was issued July 5, 1923, on the life of one George L. Peake. It contained a clause making it incontestable after two years from the date of issue. Annie K. Peake, one of the defendants, was named beneficiary.

The assured died July 20, 1924, but prior thereto the beneficiary had executed an assignment of her interest to the defendant the Benefit Building & Loan Association, of Kansas City. It is alleged in the bill that the assured willfully and fraudulently made false and untrue statements in his application for the policy, and that plaintiff relied on the truth of such statements in issuing the policy, and that, if it had known the facts, it would not have issued the contract.

1. An examination of the bill shows that it is invulnerable to the motions to dismiss. Moreover, counsel for movants do not seriously urge this motion.

[1] 2. If the proceeding at law vouchsafes to plaintiff a remedy as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, then the relief here prayed should not be granted, but plaintiff should be relegated to the law action. Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Hipp v. Babin, 19 How. 271, 15 L. Ed. 633; Cable v. United States Life Ins. Co., 191 U. S. 288, loc. cit. 305, 306, 24 S. Ct. 74, 48 L. Ed. 188. American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306.

[2] 3. On the other hand, if it appear that, under special and peculiar circumstances in the case, irreparable injury may be suffered, if denied a preventive remedy, equity will retain jurisdiction. Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580; Mutual Life Ins. Co. v. Pearson (C. C.) 114 F. 395; Insurance Co. v. Keeton (4th C. C. A. 1923) 292 F. 53; Harwi v. Insurance Co. (D. C. Kan. 1924) 297 F. 479.

[3] 4. Moreover, the remedy at law, to be "plain, adequate, and complete," must be vested in the complainant, and to which remedy "he may at all times resort at his own option, fully and freely, without let or hindrance." 21 C. J. 51; Bank v. Stone (C. C.) 88 F. 383. A remedy at law cannot be adequate, if its adequacy depends upon the will of the opposing party.

[4] 5. In the instant case, the incontestable

clause furnishes the special circumstances for equitable cognizance. The benefits of such clause to plaintiff expire in two years from the date of the policy. Either delay by the beneficiary or assignee in filing suit on the policy, or a dismissal and refiling, probably would defeat plaintiff's right under the clause. The building and loan association is not a party to the law action, and the two-year contestable term has already expired, and no suit has been begun by the association. The suit in equity to cancel on the grounds of fraud was proper in the first instance. 9 C. J. 1160; Railroad Co. v. Trust Co., 174 U. S. 552, 19 S. Ct. 817, 43 L. Ed. 1081. And, if relegated to the law action, it may or may not be able to assert this right. It is not the province of equity to police the action at law, and by the pendency of the equitable action coerce defendants into such a course as would measurably relieve plaintiff.

[5] 6. The greatest concession that can be made to the contention of defendants is that there may be doubt as to the adequacy of the legal remedy, and even then equity will retain jurisdiction. Railroad Co. v. Weld County, 247 U. S. 282, 38 S. Ct. 510, 62 L. Ed. 1110.

[6] 7. It cannot be controverted that equity did acquire jurisdiction over the subject-matter of this litigation, and, having done so, it will retain it as long as necessary to grant full and final relief. Elkins v. Elkins, 55 App. D. C. 9, 299 F. 690; Powell v. Mutual Life, 313 Ill. 161, 144 N. E. 825, 36 A. L. R. 1239.

8. In addition to the foregoing, the assignment of the policy by defendant Annie K. Peake raises a debatable question as to the rights of her codefendant and the possibility of the assertion of a claim by it. Relief is prayed against a multiplicity of suits. The remedy at law is inadequate. Rice Milling Co. v. Association (C. C. A.) 295 F. 246.

If plaintiff should fail in her law action, because of the assignment, the assignee, if the legal holder of the policy, could now proceed in an action at law, freed of the right of the company to contest, since the two-year period has now elapsed.

[7] The mere fact that plaintiff may have denied liability heretofore does not contest the policy, within its meaning, so as to keep the special provision alive. Chun Ngit Ngan, v. Prudential Insurance Co. (C. C. A. 9th Circuit) 9 F.(2d) 340, opinion filed November 16, 1925.

It follows from the foregoing that the motions to dismiss the bill and amended and supplemental bill will be overruled, and the trial of the action at law postponed to the determination of the equitable action.