**PRUDENTIAL INS. CO. OF AMERICA v. REITZ et al.**

**No. 411.**

District Court, N. D. Illinois, W. D.
March 19, 1934.

Kenneth E. Midgley, of Kansas City, Mo., and Franklin P. Searle, of Rock Island, Ill. (William C. Michaels and Henry I. Eager, both of Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., and Connelly, Walker, Searle & Hubbard, of Rock Island, Ill. of counsel), for plaintiff.

Kennard & Gresham, of Kansas City, Mo., for defendants.

WOODWARD, District Judge.

A number of motions are pending in the above-entitled matter which will be disposed of in logical sequence.

1. Plaintiff moves to strike from the files the disclaimer of the defendant Abbie L. Reitz.

The record shows that the defendant Abbie L. Reitz was personally served with process on November 20, 1932. On February 23, 1933, no answer having been filed by her, an order was entered "that the bill in this cause be taken pro confesso as to said defendant in accordance with the provision of the rules in such cases." The record fails to show that this order was made upon notice. A minute was made on the docket as to the entry of the order pro confesso. The docket fails to show that a copy of the decree pro confesso was mailed to the defendant Abbie L. Reitz. On April 17, 1933, Abbie L. Reitz filed a disclaimer. On May 18, 1933, the plaintiff filed a motion to strike the disclaimer from the files.

Rule 5 of the Equity Rules (28 USCA § 723) provides that "all motions and applications in the clerk's office * * * for taking bills pro confesso * * * shall be deemed motions and applications grantable of course by the clerk. * * *"

Rule 4 of the Equity Rules (28 USCA § 723) provides that "neither the noting of an order in the Equity Docket nor its entry in the Order Book shall of itself be deemed notice to the parties or their solicitors; and when an order is made without prior notice to, and in the absence of, a party, the clerk, unless otherwise directed by the court or judge, shall forthwith send a copy thereof, by mail, to such party or his solicitor and a note of such mailing shall be made in the Equity Docket, which shall be taken as sufficient proof of due notice of the order."

Rule 12 of the Equity Rules (28 USCA § 723) provides in part that "at the bottom of the subpœna shall be placed a memorandum, that the defendant is required to file his answer or other defense in the clerk's office on or before the twentieth day after service, excluding the day thereof; otherwise the bill may be taken pro confesso."

Rule 16 of the Equity Rules (28 USCA § 723) makes it the duty of the defendant to file

his defense within the time named in the subpœna as required by rule 12, and "in default thereof the plaintiff may, at his election, take an order as of course that the bill be taken pro confesso; and thereupon the cause shall be proceeded in ex parte."

By rule 17 of the Equity Rules (28 US CA § 723) the court may, for good cause shown, set aside the decree pro confesso within the thirty days and enlarge the time for the defendant to answer.

On behalf of the defendant it is contended that no notice of the entry of the decree pro confesso was ever given as required by Equity Rule 4, and therefore that the decree never became effective.

There seem to be no adjudicated cases, at least none have been called to the attention of the court, as to whether rule 4 requires a copy of the order pro confesso to be mailed to the defendant.

As the court views this record, the question suggested in briefs of counsel is immaterial and need not be decided. The disclaimer was filed after the decree pro confesso was entered. No motion has been made nor order entered vacating or setting aside the decree pro confesso. The record simply stands that the decree pro confesso has been entered and thereafter the disclaimer has been filed.

Such being the condition of the record, the only question then is as to whether or not the disclaimer has been properly filed. It is clear from the authorities that, after a decree pro confesso has been entered, the party in default cannot appear in any way thereafter either by pleading or on hearing or at the final hearing. Clifton v. Tomb (C. C. A.) 21 F.(2d) 893; Frow v. De La Vega, 15 Wall. (82 U. S.) 552, 21 L. Ed. 60. A disclaimer is, of course, a pleading. The entry of the decree pro confesso precludes the right to file an answer. The court, therefore, allows the motion to strike the disclaimer of Abbie L. Reitz from the files.

2. The defendant Melvin H. Reitz, on April 17, 1933, filed his answer, and by paragraph 1 thereof moved to dismiss the bill for want of equity.

By its bill the plaintiff seeks the cancellation of two policies of insurance on the ground of fraud in their procurement. Both policies were issued at the same time and involve identical questions. In this statement of facts, only the policy first described in the bill will be referred to.

On January 5, 1931, the plaintiff issued to the defendant Melvin H. Reitz its policy of life and indemnity insurance whereby it agreed, in consideration of the payment of the stipulated premiums, to pay to the defendant Abbie L. Reitz, mother of Melvin H. Reitz, upon due proof of the death of Melvin H. Reitz, 120 monthly installments of $200 each, in the time and manner specified in the policy, and in addition other payments in the event of the insured's death by accident, and to pay to the insured, as total and permanent disability benefits, the sum of $200 per month upon the applicant becoming totally and permanently disabled. The policy was based upon a written application of the defendant Melvin H. Reitz, consisting, among other things, of questions and answers. It is alleged in the bill that the answers to certain questions were false and untrue and were willfully and fraudulently made with the intent and purpose of inducing the plaintiff to issue the policy. The bill further states that the policy was issued in reliance upon the statements made in the application. The policy contained a clause making it incontestable after two years from the date of its issue except for nonpayment of premium. The right to change the beneficiary was reserved by the insured.

The last payment of premium made by the insured was on January 5, 1932. On April 7, 1932, the insured made a written claim to the plaintiff alleging that since August 12, 1931, he had become totally and permanently disabled and demanded payments of the disability benefits.

The motion to dismiss is based upon the contention that the facts alleged in the bill show that the plaintiff had a plain, adequate, and complete remedy at law. Bills involving similar facts have been before the courts comparatively recently. That part of the motion based upon the theory of the adequacy of the remedy at law will be denied on the authority of the cases of New York Life Insurance Co. v. Halpern (D. C.) 47 F.(2d) 935; New York Life Insurance Co. v. Jensen (D. C.) 38 F.(2d) 524; Brown v. Pacific Mutual Life Insurance Co. (C. C. A.) 62 F.(2d) 711; Lincoln National Life Insurance Co. v. Peake (D. C.) 10 F.(2d) 366; New York Life Insurance Co. v. Hurt (C. C. A.) 35 F.(2d) 92.

It is next contended that on the face of the bill it is shown that the plaintiff had, before the policy was issued, received knowledge of the alleged disability of which it complains. This contention is based upon that part of the bill which alleges that, after the making of the first application, the defendant Melvin H. Reitz requested the plaintiff in

writing to amend his application for insurance so that the policy applied for might be issued on a plan other than that originally applied for "in the Special A Disability 2 rating class," and agreed in writing that the amendment should form part of the original application and a copy thereof should be attached to the policy when issued. The further allegation is made that the policy when issued provided that it was placed in "Special A Disability 2 rating class" of risks and the premium charged accordingly. It is contended, therefore, that by reason of this application and of this provision in the policy the plaintiff is estopped to claim fraud. The bill contains no explanation of what constitutes a "Special A Disability 2 rating class." The bill does not disclose what facts were stated in order to secure such rating. So far as appears from the bill, in making such rating, the plaintiff depended upon the truthfulness of the answers to the other questions set out and which the plaintiff alleges to have been false and untrue. This point is without merit.

It is next claimed that it appears affirmatively from the face of the bill that the plaintiff has an adequate remedy at law. This contention is based upon the averments of the bill that the premium for the first three years was to be $400.60 per year; that the first annual premium was paid on January 5, 1931 (the policy being delivered January 12, 1931); and that a further and additional premium of $106.20 was paid on January 5, 1932, being a quarterly payment of the premium. On April 7, 1932, defendant made claim in writing to the plaintiff alleging that since August 12, 1931, he had become totally and permanently disabled. It would appear from the allegations last referred to that the policy lapsed on April 4, 1932, by reason of the nonpayment of premium. If the policy lapsed for nonpayment of premium, then it would seem that the plaintiff would have an adequate remedy at law. Although not averred in the pleading, it is tacitly assumed in the argument of counsel, both for the plaintiff and the defendant, that there was an extension of thirty days' grace before a lapse could be declared. But, irrespective of this question, the bill further states "that it was also provided in said policy that payment would be waived of any premium or premiums, the due date of which, as specified in the policy, should occur after the commencement of said continuous disability." If the defendant Melvin H. Reitz were in fact totally and permanently disabled on August 12, 1932, then the policy had not lapsed.

The bill further alleges that the defendant is not disabled. The plaintiff claims by its bill that it has both a legal and equitable defense. If the defendant was not disabled, it could urge that defense at law. The bill, however, sets up another defense, namely, fraud in the inception of the contract which can be more adequately, fully, and completely determined in equity.

The motion to dismiss the bill will be overruled.

3. The plaintiff has filed three separate motions which may be summarized as follows: (a) Motion to strike out certain parts of paragraph 2 of the answer of the defendant Melvin H. Reitz; (b) motion to strike out certain parts of paragraph 3 of the answer of the defendant Melvin H. Reitz; (c) motion to strike out parts of paragraph 7 of the answer of the defendant Melvin H. Reitz; and (d) motion to strike out paragraph 14 of the answer of the defendant Melvin H. Reitz.

The motions will severally be denied. In denying these motions the court has not taken into consideration the agreed statement of facts which were transmitted with the briefs and arguments of counsel.

The court is denying these motions for the reason that it deems it fairer to both parties to pass upon the questions of law attempted to be raised by these motions on the final hearing rather than on the pleadings. On the final hearing it is to be assumed that the full records in the cases referred to will be before the court, and it is much more desirable to consider these defenses with the full and complete facts before the court than it is on the pleadings.