KINGAN & CO., Inc., v. SMITH, Collector of Internal Revenue.

No. 1851.

District Court, S. D. Indiana, Indianapolis Division.

Sept. 30, 1936.

William H. Thompson, Albert L. Rabb, and Thomas D. Stevenson, all of Indianapolis, Ind., for complainant.

Robert H. Jackson, Asst. Atty. Gen., Andrew D. Sharpe and Frederick G. Rita, Sp.

Assts. to the Atty. Gen., and Val Nolan, U. S. Atty., of Indianapolis, Ind., for defendant.

BALTZELL, District Judge.

The bill of complaint in this action challenges the validity of certain provisions of the "Revenue Act of 1936." It challenges especially the validity of section 501 (a), title 3 of such act, known as the "Tax on Unjust Enrichment" (26 U.S.C.A. § 345 (a), and designated in the bill of complaint as the "Recapture Tax."

It is alleged in the bill that the complainant is a New Jersey corporation having its principal place of business in the city of Indianapolis, Ind.; that it owns and operates packing plants in such city as well as at Richmond, Va., wherein it has packed most of its products of an annual average slaughter of more than 1,000,000 hogs; that it has been, since May 12, 1933, a first domestic processor of hogs, as defined by an act of Congress of that date known as the "Agricultural Adjustment Act" (48 Stat. 31, see 7 U.S.C.A. § 601 et seq.). The bill alleges in detail the payment by complainant of the taxes exacted under the provisions of such act until the early part of the year 1935, at which time it refused to make further payments, and, on the 15th day of June of that year, filed suit in this court seeking to enjoin the collection of any further taxes thereunder. Such proceedings were had as resulted in the issuance of a permanent injunction in that cause by this court on the 3d day of February, 1936. Upon motion of complainant, a temporary injunction was issued by this court enjoining the collection of such taxes several months prior to the issuance of the permanent injunction, by the terms of which complainant was required to deposit in designated banks the amount of taxes for which it was liable under such act, conditioned, however, that such sums be returned to it if the act was finally held to be invalid, otherwise, it was to be paid to the defendant. Kingan & Company v. Smith, Collector (D.C.) 12 F.Supp. 329.

Prior to the issuance of the permanent injunction, but subsequent to the issuance of the temporary injunction, the Supreme Court of the United States held the act unconstitutional and void in that the exaction imposed no valid tax, etc. United States v. Butler et al., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 287. After the act had thus been invalidated, there was returned to complainant, by order of this court in such cause, the entire amount thus deposited, to wit, $2,543,832.30.

It is further alleged that the act in question applies only to the taxable years ending during the calendar year 1935 and thereafter; that it applies only to those processors who refused to pay the exaction under the invalidated Agricultural Adjustment Act, and that its sole purpose is to evade the invalidation thereof and to recapture the greater portion of the taxes required to have been paid by the terms of such invalidated act, which this complainant, as well as many others, refused to pay, of which payment they were relieved by order of this court and the money thus deposited returned to them. Complainant says that the tax thus sought to be levied and collected by virtue of the provisions of title 3 of the Revenue Act of 1936, section 501 (a),[1] if levied and collected, will be wholly an arbitrary and capricious exaction and will be collected in violation of article 1, and of the Fifth, Tenth, and Sixteenth Amendments to the Constitution of the United States. It further charges that defendant threatens collection of such illegal exaction by distraint, which will cause irreparable injury, as complainant has no adequate remedy at law to recover that which may be collected.

The Revenue Act provides that a return must be filed, and the tax due by virtue of the provisions of title 3 thereof must be paid by complainant on or before September 15, 1936, for its taxable year ending October 26, 1935. The bill of complaint was filed herein on August 6, 1936, and contains a prayer for a temporary injunction. Before the date assigned for a hear-

---

[1] Sec. 501. Tax on Net Income from Certain Sources

"(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

"(1) A tax equal to 80 per centum of that portion of the net income from the sale of articles with respect to which a Federal excise tax was imposed on such person but not paid which is attributable to shifting to others to any extent the burden of such Federal excise tax and which does not exceed such person's net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed."

ing upon the application for a temporary injunction the government extended the time for filing the return and payment for a period of ninety days, hence the necessity for a hearing upon such application was obviated.

The defendant filed a motion to dismiss the bill upon the ground that the court is without jurisdiction because, (1) section 3224 of the Revised Statutes of the United States (26 U.S.C.A. § 1543) prohibits the maintenance of a suit for the purpose of restraining the assessment or collection of a federal tax, and (2) that it appears upon the ·face of the bill that the complainant has a plain, adequate, and complete remedy at law. Subsequent to the presentation of such motion the complainant, on the 15th day of September, 1936, tendered for filing an amendment to its bill of complaint by the insertion of subdivision 11a immediately following subdivision 11 of the bill, as follows: "11a. That plaintiff's net income, as defined by said Act, from pork products sold by it on and before October 26, 1935, and made from its processing of hogs as to which it did not pay said processing tax was not less than $1,400,000 and its net income for the entire taxable year ending October 26, 1935, from the sale of pork products was not less than said sum; that the selling price of said tax unpaid pork products less the cost to plaintiff of materials entering into said products and less plaintiff's average margin, as defined in said Act with respect to the quantity of said products was approximately $1,400,-000."

The defendant, in his brief, objects to leave being granted for the filing of this amendment because (1) the motion to dismiss must be decided upon the pleading to which it is addressed, and (2) the amendment does not allege that the complainant is taxable under the act complained of.

■■ While it is true that the amendment was tendered for filing subsequent to the filing of the motion to dismiss and the hearing thereon, yet, such proposed amendment does not add any additional burden upon the defendant and does not substantially affect the issues. The question of leave to file such amendment is addressed to the sound discretion of the court. It seems that no possible harm can result from leave being granted for its filing, while delay might be occasioned by a denial thereof. Therefore, complainant is granted leave to file the tendered amendment to its bill of

complaint, and the court will take into consideration the averments contained in such amendment in passing upon defendant's motion to dismiss.

In support of the motion to dismiss, defendant relies partially upon section 3224 of the Revised Statutes of the United States (26 U.S.C.A. § 1543) supra, which reads as follows: "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." The courts of our country have been called upon to consider the force of this statute many times and under many circumstances. This court was called upon to consider the effect of the same statute in passing upon the motion to dismiss in the processing tax case of Kingan & Company v. Smith, supra. In that case the court was also confronted with the Amendment of August, 1935, of the Agricultural Adjustment Act (section 21 (a) of the act, 7 U.S.C.A. § 623 (a), which attempted to take from a processor the right to maintain a suit in equity to restrain the collection of such tax. This court, however, overruled the contention of the defendant in that action and took jurisdiction and issued a temporary injunction which was afterwards made permanent, following the decision of the Supreme Court in the case of United States v. Butler et al., supra.

The position of complainant, as shown by the averments in the bill of complaint, is similar to its position in its former case, that is, that the exaction required under the act is not a tax in fact, but is an unlawful exaction and is an attempt to collect from it a sum of money under the guise of a tax which the Supreme Court, in the case of United States v. Butler ·et al., supra, had held· to be invalid. ·This situation, complainant says, brings it within the rule announced by the Supreme Court in the case of Miller, Collector, v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 263, 76 L.Ed. 422, and thus, section 3224 of the Revised Statutes, supra, has no application because of the special and extraordinary circumstances existing which bring the case "within some acknowledged head of equity jurisprudence." If its position in this respect is true, it then has further support for the maintenance ·of this action in the case of Rickert Rice Mills, Inc., v. Fontenot et al., 297 U.S. 110, 56 S. Ct. 374, 375, 80 L.Ed. 355, wherein the Supreme Court, speaking through Mr. Justice Roberts, said: "The exaction still lacks the

quality of a true tax." In that case the Supreme Court had previously restrained the collection of what was designated as a tax under the Agricultural Adjustment Act, thus holding that the provisions of section 3224, supra, did not apply to the exaction required under the terms of that act. It is significant that the injunction was issued in that case by the Supreme Court after it had been denied by both the District Court and the Circuit Court of Appeals (79 F. (2d) 700), but prior to its decision in the case of United States v. Butler et al., supra.

■ At the present stage of this proceeding the court must rely upon the averments contained in the bill of complaint to ascertain whether or not there exists such "special and extraordinary circumstances" as to confer jurisdiction upon a court of equity. The mere allegation of the invalidity of the act under consideration, standing alone, is concededly insufficient to confer such jurisdiction. The rule, however, is also recognized that in cases where it is shown "in addition to the illegality of an exaction in the guise of a tax there exists special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector." Miller, Collector, v. Standard Nut Margarine Company, supra. See, also, Dows v. City of Chicago, 11 Wall. 108, 20 L.Ed. 65; Regal Drug Corporation v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318; Hill v. Wallace, 259 U.S. 44, 42 S. Ct. 453, 66 L.Ed. 822. In the instant case, the complainant does not rely solely upon the invalidity of the act to entitle it to seek relief in a court of equity, but its bill contains allegations which, if true, disclose circumstances which are rather exceptional and extraordinary and bring it squarely within the rule announced in the case of Miller, Collector, v. Standard Nut Margarine Company, supra. The provisions of section 3224, Revised Statutes, supra, therefore, have no application and do not prevent the maintenance of this action.

It is the contention of complainant that the act in question is simply a substitute for the invalidated Agricultural Adjustment Act; that the only persons affected by this act are those who refused to pay the exaction demanded by virtue of the provisions of that act; that the taxes attempted to be collected under the present act are a major portion of the fund returned to complainant by order of this court in the case of Kingan & Company v. Smith, supra, and that the purpose of the levy under the present act is the same as under the invalidated act, and any money thus collected is to be used to pay a deficiency created by the diversion of other funds to pay the rentals and benefits under the invalidated act. It is further contended that the exaction under the challenged act is illegal, is not in fact a tax, but is an attempt to recapture practically 80 per cent. of the money that was returned by order of court in the previous action, and that if such money is paid, there is no legal method by which it may be recovered.

■■ It is the duty of the court to accept as true the allegations of the bill of complaint for the purpose of considering the motion to dismiss. Such allegations are sufficient to justify the conclusion that complainant has no adequate remedy at law. If it is compelled to pay the taxes exacted under the act, it is extremely doubtful whether it could maintain an action for their recovery, even though the act should afterwards be adjudged invalid. A remedy at law, in order that it may be adequate, must be plain, complete, and beyond doubt. As was said by the Supreme Court, in the case of Davis v. Wakelee, 156 U.S. 680, 15 S.Ct. 555, 558, 39 L.Ed. 578: "It is a settled principle of equity jurisprudence that, if the remedy at law be doubtful, a court of equity will not decline cognizance of the suit. Boyce v. Grundy, 3 Pet. 210 [7 L.Ed. 655]; Watson v. Sutherland, 5 Wall. 74, 79 [18 L.Ed. 580]; Rathbone v. Warren, 10 Johns. 587; King v. Baldwin, 17 Johns. 384 [8 Am.Dec. 415]; American Insurance Co. v. Fisk, 1 Paige Ch. 90; Teague v. Russell, 2 Stew. (Ala.) 420; Southampton Dock Co. v. Southampton Harbour Board, L.R. 11 Eq. 254; Weymouth v. Boyer, 1 Ves.Jr. 416. Where equity can give relief, plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law." See, also, Union Pac. R. R. Co. v. Com'rs of Weld County, 247 U.S. 282, 38 S.Ct. 510, 62 L.Ed. 1110.

The other reasons assigned by defendant for sustaining his motion to dismiss have been considered, but are believed to be insufficient to warrant favorable action thereon.

The motion to dismiss will be overruled.