**BABCOCK v. KOEPKE et al.**

**No. 12118.**

United States Court of Appeals
Ninth Circuit.

June 24, 1949.

Bent and Clapp, Los Angeles, Cal., for appellant.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, Nathan Siegel and Louise F. McCarthy, Sp. Litigation Atty., Washington, D. C., for appellees.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of dismissal of appellant's complaint below seeking a declaratory judgment against the appellee defendant below, individually and as Area Rent Director, Los Angeles Defense Area, that certain premises in that defense area owned by appellant are not subject to the rent control provisions of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq.

The complaint sought a preliminary injunction to restrain appellant from issuing a threatened order to fix rents on premises at rentals in the amount aggregating $1,200 per month, a sum $1,600 per month less than appellant's leases of the premises provided should be paid, and requiring appellant to refund to his tenants a total amount computed by multiplying $1,600 by at least the number of months from the time appellee had the power to fix the rents till the filing of the complaint below. The district court issued a stay order against the appellee which is set aside on the dismissal.

The parties are agreed that there is a justiciable issue between them as to whether the premises are in the appellee's control under the 1947 act. That act provides a method of adjudicating the issue in the administrative procedure of the rent control agency. The court's dismissal of the complaint for a declaratory judgment was on the ground that appellant had not exhausted this administrative remedy.

In this case, the administrative procedure began on September 2, 1948, by the action of appellee in notifying appellant of his intention to fix the rents pursuant to Regulation 840.7 providing:

"*Action by the Area Rent Director on his own initiative.* In any case where the Area Rent Director pursuant to the provisions of a maximum rent regulations, deems it necessary or appropriate to enter an order on his own initiative, he shall, before taking such action, serve a notice upon the landlord of the housing accommodations involved stating the proposed action and the grounds therefor. The proceeding shall be deemed commenced on the date of issuance of such notice."

Section 840.8 provides in part:

"*Action by the Area Rent Director on petitions for adjustment or other relief.* (a) Upon receipt of a petition for adjustment or *other relief*, and after due consideration, the Area Rent Director may either:

"(1) Dismiss any petition which fails substantially to comply with the provisions

of the applicable maximum rent regulation or of this part; or

"(2) Grant or deny, in whole or in part, any petition which is properly pending before him. * * *" (Emphasis supplied.)

These sections are preceded by Section 840.2, providing:

"*Landlord's right to file petition.* A petition for adjustment *or other relief* may be filed by any landlord subject to any provision of a maximum rent regulation who requests such adjustment or relief pursuant to a provision of the maximum rent regulation *authorizing such action.*" (Emphasis supplied.)

We construe the purpose of these sections to be to give the landlord the opportunity to present to the Area Rent Director before he makes his proposed order such an issue of the director's non-control over the premises as here contended.

Instead of responding to this notice of appellee's intended action and presenting to the appellee his contention of non-control of the premises by appellee, appellant, on September 17, 1948, began the instant suit in the California Superior Court, from which it was transferred to the court below on September 21, 1947.

His reason for not seeking relief in the proceeding commenced by the appellee's notice to him is that, if the appellee held adversely to him and issued his rent reduction order, appellant could have that order stayed and reviewed only if he deposited by certified check or money order payable to the United States Treasurer the full amount of the refund as required by Regulation 840.11. In effect, his argument is that it is grossly inequitable requirement of a litigant to deposit before litigation the total amount of the judgment in cash, to be held by the adjudicating tribunal and if he is successful to be returned to him without interest while so wrongfully deprived of its use.

He claims that he did not have the cash to purchase such check.

He further contends that since Regulation 840.11 provides for a stay only on the deposit he cannot make, his tenants will follow the order and pay only the reduced rentals. Hence, if the issue is finally determined in his favor, in addition to the loss of the use of the deposited money he will have to sue a multitude of his tenants for the balances due him, with the likelihood that some will have moved to distant places.

We admit there is much force in this contention, and though we do not decide its merit, are puzzled why so drastic a requirement is made when the giving of security would accomplish the desired purpose.

We think, however, that appellant could have presented his contention of non-control under the Section cited supra, and that he failed to exhaust his administrative remedy by not so acting. If he there had prevailed, there would be no occasion to invoke the challenged provisions of 840.11.

We agree that the district court properly dismissed the complaint, and affirm the judgment.

HEALY, Circuit Judge, concurs in the result.