### KOEPKE v. FONTECCHIO.

No. 12104.

United States Court of Appeals
Ninth Circuit.

Sept. 21, 1949.

---

Ed Dupree, General Counsel, Hugo V. Prucha, Asst. Gen. Counsel, Nathan Siegel and Francis X. Riley, Sp. Lit. Attys., Office of Housing Expediter, Washington, D. C., for appellant.

Bent and Clapp, Los Angeles, Cal., for appellee.

Before GARDNER (Chief Judge Eighth Circuit, sitting by special designation), and HEALY and POPE, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellee as plaintiff against appellant seeking a declaratory judgment that his housing accommodations were decontrolled by the Housing and Rent Act of 1947 as amended, and for an injunction restraining appellant from establishing and enforcing maximum rentals thereon. Appellant interposed a motion to dismiss the complaint on the grounds that (1) the Housing Expediter was an indispensable party; (2) the Housing Expediter being a resident of Washington, D. C., the suit must be there brought; (3) the suit is one against the United States, to which it has not consented; (4) the complaint fails to state a claim upon which relief can be granted. This motion was denied. Appellant then interposed answer and appellee filed motion for summary judgment, and the matter was heard on affidavits. The court entered judgment in favor of appellee as prayed in his complaint. The judgment contains, among other provisions, the following:

"It Is Ordered, Adjudged, and Decreed that there is no genuine issue as to any material fact; that on October 1, 1947, and at all times since that date, and at present, the premises hereinafter described were and have been, and are now being, used by plaintiff as a motor court within the meaning of the Housing and Rent Act of 1947, and on and since said date and at present said premises were not, and have not been, and are not controlled housing accommodations within the meaning of said Act; and that at all times since its effective date the said premises have been and are now being used by plaintiff as a motor court within the meaning of the Housing and Rent Act of 1948, and on and since said date and at present, said premises were not, and have not been, and are not controlled housing accommodations within the meaning of said Act; * * *."

The judgment enjoins defendant, his agents, servants and employees, and all persons acting in concert with him from fixing or purporting to fix the maximum rent or rents for the premises described.

Appellant seeks reversal of the judgment on substantially the following grounds: (1) there were material issues of fact presented by the pleadings and hence the

court erred in entering summary judgment; (2) appellee had an adequate remedy at law and failed to exhaust his administrative remedies; (3) the premises were controlled accommodations; (4) Tighe E. Woods, the Housing Expediter, was an indispensable party to the action; (5) the United States being the real party in interest in the action and not having consented to be sued, it was error to enter judgment against appellant; (6) the complaint failed to state a claim upon which relief could be granted and hence should have been dismissed.

The purpose of the procedural rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., providing for the rendering of summary judgment is to dispose of cases where there is no genuine issue of fact even though an issue may be raised formally by the pleadings. In the instant case there was no dispute as to the character of the premises nor the use that was being made of them by appellee. Neither was there any doubt as to when the premises assumed their present character. The court fixed that date from the undisputed evidence as October 1, 1947. We think there was no genuine issue as to any material facts and hence the record presented a proper case so far as procedure is concerned for the filing of a motion for summary judgment. Miller v. Miller, 74 App. D.C. 216, 122 F.2d 209. The fact that the case was properly heard on motion for summary judgment does not, of course, determine the correctness of the court's decision. As said by this court in Gifford v. Travelers Protective Ass'n, 153 F.2d 209, 211, "The question presented by a motion for summary judgment is whether or not there is a genuine issue of fact, and not how that issue should be determined. Ramsouer v. Midland Valley R. Co., 8 Cir., 1943, 135 F.2d 101." It is therefore necessary to consider whether the court erred in deciding the questions of law presented.

Another procedural question presented is the contention that the Housing Expediter was an indispensable party. We think the present case is ruled by Williams et al. v. Fanning, Postmaster of Los Angeles, 332 U.S. 490, 68 S.Ct. 188, 189, 92 L.Ed. 95. In that case the Postmaster General was held not to be an indispensable party in a suit wherein plaintiff sought an injunction to prevent the postmaster from carrying out a fraud order which had been issued by the Postmaster General. There, as in the instant case, it was argued that the subordinate officer might be left under a command of his superior to do what the court had forbidden him to do. In considering this issue the court said, "But that seems to us immaterial if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court. It seems plain in the present case that that will be the result even though the local postmaster alone is sued. It is he who refuses to pay money orders, who places the stamp 'fraudulent' on the mail, who returns the mail to the senders. If he desists in those acts, the matter is at an end. That is all the relief which the petitioners seek."

It is also urged that the suit is one against the United States. This contention we think is not tenable. The claim here is that the appellant is acting ultra vires the statute and hence the suit is not one against the United States. Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 694, 66 S.Ct. 219, 90 L.Ed. 140; Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209.

The Housing and Rent Act of 1947, 50 U.S.C.A. 1881 et seq., provides, among other things, as follows:

"The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include * * *

"(2) any motor court, or any part thereof; any trailer or trailer space, or any part thereof; or any tourist home serving transient guests exclusively, or any part thereof; * * *."

The Housing and Rent Act of 1949, Section 202(c) 50 U.S.C.A.Appendix, § 1892(c), provides inter alia,

"The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include * * *

"(2) any motor court, or any part thereof; any trailer, or trailer space, used exclusively for transient occupancy."

It is apparently the contention of appellant that housing accommodations, to qualify for decontrol as a motor court, must have been a motor court on June 30, 1947. This is not only the contention of the appellant on this appeal but the Housing Expediter has declared this as his interpretation of the law. There is no language in the Act referring to any specific date. The argument so far as it refers to the Act of 1947 is to the effect that the Act refers only to a period immediately preceding its enactment. The Act of 1947 was repealed by the Act of 1948 and that Act took effect as of date March 31, 1948. At that time appellee's premises had assumed the status of a motor court and was in full operation as such. We think that under the Act of 1947 and the amendatory Act of 1948 the premises here involved were clearly excluded and appellant's attempt by interpretation to include them is wholly without warrant.

█ It is, however, contended that appellee was not entitled to pursue his remedy in a court of equity because he had an adequate remedy at law. In this action there is no controversy between appellee and his tenants but the issue is solely one between the owner of the premises and the Area Rent Director. As the statute specifically excluded the accommodations here considered, it was self-executing. The Housing Expediter had already announced his interpretation. He later embodied it in a regulation, and he still insists upon it here. In such circumstances an attempt to secure relief by resort to the so-called administrative remedies would clearly have been futile and equity does not require the doing of a useless thing. A court of equity can furnish an appropriate remedy and appellee ought not to be compelled to speculate upon the chance of obtaining relief at law. American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268; Union Pacific R. Co. v. Weld County, 247 U.S. 282, 38 S.Ct. 510, 62 L.Ed. 1110. The regulations have no bearing upon the issue here presented and the Act provides no administrative remedy where the question is, as here, a question of decontrol. Babcock v. Koepke, 9 Cir., 175 F.2d 923, is distinguishable and is not to the contrary. In the instant case appellee has challenged appellant's announced interpretation of the Housing Acts. This, we think, he had a right to do without resorting to or awaiting any action by the Housing Expediter. Columbia Broadcasting System v. United States, 316 U.S. U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563; Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 377, 63 L.Ed. 772. In the last cited case the Interstate Commerce Commission had issued a rate order which the plaintiff attacked as lacking a statutory authority. It was there contended that plaintiff should have sought administrative review. The court said, "But plaintiff does not contend that 75 cents is an unreasonably high rate, or that it is discriminatory, or that there was mere error in the action of the commission. The contention is that the commission has exceeded its statutory powers; and that, hence, the order is void. In such a case the courts have jurisdiction of suits to enjoin the enforcement of an order, even if the plaintiff has not attempted to secure redress in a proceeding before the commission."

Being of the view that the record discloses no reversible error, the judgment appealed from is affirmed.