## UNITED STATES v. TITUSVILLE DAIRY PRODUCTS CO.

### Civil Action No. 1745.

District Court, W. D. Pennsylvania.

Nov. 14, 1945.

Charles F. Uhl, U. S. Atty., and W. Wendell Stanton, Asst. U. S. Atty., both of Pittsburgh, Pa., for plaintiff.

Daniels & Harter, of Harrisburg, Pa., for defendant.

McVICAR, District Judge.

This action was brought December 31, 1941, under the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. §§ 601 et seq., 671 et seq. Plaintiff filed a motion for summary judgment under Rule 66, which I will not discuss, as I have decided to grant defendant's motion for a stay of proceedings in this action pending the outcome of administrative proceedings instituted by defendant before the Secretary of Agriculture. Both motions were argued.

The purpose of this action, as appears by plaintiff's amended complaint filed October 13, 1944, inter alia, is to procure a mandatory injunction commanding the defendant to comply fully with Order No. 27, as amended, and to pay to the Market Administrator for the New York Metropolitan Milk Marketing Area all sums due from defendant on the account of the Producer Settlement Fund and expenses of administration; and further, that defendant be directed to pay its producers all moneys due and owing to said producers for all milk delivered by said producers to the defendant from July 1, 1941, to the date of judgment herein. The amounts as itemized in the complaint are, on account of the Producer Settlement Fund, $4058.55, expenses of administration, $625.84, and to milk producers, $17,021.65.

Defendant, in its answer, alleged that it was not a handler; that it was not engaged in interstate commerce or that which affects interstate commerce, and other reasons why the relief asked for by plaintiff should not be granted. Defendant was not heard before the orders to make the payments above mentioned were made. He has applied for such a hearing before the Secretary of Agriculture, which hearing has not been granted or heard as yet.

In disposing of the foregoing motion to stay made by defendant, the following facts, inter alia, should be considered: That defendant has not had an opportunity to be heard as to the orders made against

him; that there has been a long delay since bringing this action to the present time; that the defendant may not be able to recover money paid to producers; that the Secretary of Agriculture is in a better position to expeditiously determine the issues of fact and law raised by the defendant than the Court; that such a hearing may be promptly held by the Secretary of Agriculture, and this action, if necessary to be tried thereafter, may be promptly heard and tried.

It seems, therefore, that the hearing before the Secretary of Agriculture should be held before the hearing in this court. It may be, without such a hearing, that defendant would be deprived of due process of law. See La Verne Co-Operative Citrus Association v. United States, 9 Cir., 143 F.2d 415. I conclude that the Motion to Stay should be granted.