**WOODS, Housing Expediter, v. CAROL MANAGEMENT CORPORATION et al.**

**No. 278, Docket 21003.**

Circuit Court of Appeals, Second Circuit.

June 16, 1948.

Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, and Nathan Siegel, Sp. Litigation Atty., Office of the Housing Expediter, all of Washington, D. C., for plaintiff-appellant.

Dreyer & Traub, of Brooklyn, N. Y. (George A. Roland, of Brooklyn, N. Y., of counsel), for defendants-appellees.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The order appealed from denied the Housing Expediter's application for an injunction pendente lite restraining defendants from interfering with inspections and investigations in apartment houses owned and operated by defendants and directing defendants to permit the Housing Expediter and his agents to enter upon and have ingress along the common public passageways to various apartments, as may be required from time to time in making inspections and conducting investigations.

The defendants are landlords and operators of various multiple housing accommodations within the New York City Defense-Rental Area. Without dispute, their accommodations at all times from November 1, 1943, until June 30, 1947, were subject to the Rental Regulation for Housing for the New York City Defense-Rental Area, as amended, referred to as the "Rent Regulation," issued pursuant to the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. At all times after July 1, 1947, defendants' accommodations were subject to the Controlled Housing Rent Regulation for the New York City Defense-Rental Area, called the "Controlled Regulation," issued pursuant to the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq.

In November 1947 the Expediter authorized his agents to make an inspection of defendants' housing accommodations in order to determine whether the latter had complied with the provisions of the Rent Regulations and the Acts of 1942 and 1947. The Expediter instituted the investigations because of complaints received from tenants charging that the defendants had demanded and received rent in excess of the maximum permitted by law both before and after July 1, 1947, when the Act of 1947 went into effect. Representatives of the Expediter who called at the defendant's apartment house in Queens, and afterwards at the office of the latter at 12 East 48th Street, New York City, were denied access to any of the buildings of the defendant for the purpose of conducting an inspection, whereupon the Expediter brought the present suit to restrain the defendants from interfering with the plaintiff's inspections and moved for the injunction pendente lite which as we have said was denied by the district court.

Under Section 202(b) of the 1942 Act the Expediter might require any person renting housing accommodations "to permit the inspection * * * of defense-area housing accommodations." Section 8 of the rent regulations also required "any person who rents * * * and any tenant to permit such an inspection of the accommodations by the Housing Expediter as he may from time to time require." This regulation was continued under the Housing and Rent Act of 1947. Where any person engaged in acts in violation of the foregoing provisions or regulations of the Act of 1942 the Expediter was authorized by Section 205(a) of that Act to apply to an appropriate court for an order enforcing compliance. Section 1(b) of the Act of 1942, as amended by the 1946 Act, contained the following provisions:

"The provisions of this Act, and all regulations, orders, price schedules, and requirements thereunder, shall terminate on June 30, 1947, or upon the date of a proclamation by the President, or upon the date specified in a concurrent resolution by the two Houses of the Congress, declaring that the further continuance of the authority granted by this Act is not necessary in the interest of the national defense and security, whichever date is earlier; except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."

From the foregoing provisions it seems to follow that Section 202(b) of the Act of 1942 specifically authorizing inspections remained in force and covered all offenses committed before July 1, 1947. This view is supported by the decision of the Supreme Court in Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 119, 67 S.Ct. 1129, 91 L.Ed. 1375. But, apart from those provisions we think the Expediter has the power of inspection claimed here both as to prior and as to the later offenses alleged in the case at bar. Though the 1947 Act decreased somewhat the scope of the authority of the Expediter it still imposed upon him the duty of limiting the rents to existing ceilings, subject to a power of adjustment in the interest of justice. It did not in terms provide for inspection and it omitted the power to issue subpoenas given under the 1942 Act. We, however, believe it to be clear that the duties imposed by the Act of 1947 as well as the regulation adopted pursuant to Section 204(d) thereof justify the right to inspect leased premises in order to detect violations. If, as we hold, the Expediter through his agents has such a right, Section 206(b) of the 1947 Act and Section 205(a) of the 1942 Act enabled him to apply for "a permanent or temporary injunction, restraining order, or other order" to enforce compliance with the Act.

The violations of the Act relied upon by the plaintiff were the refusal to allow inspection and the withholding by the defendants of access to their tenants. The Expediter represented a public interest and had an authority to take necessary steps to prevent such violations. While his information about violations was derived

from complaints of tenants, such complaints, when reasonably verified, might form the basis for various proceedings to enforce the Act, and we see no justification for inconveniencing both the Expediter and the tenants by requiring the former to make his investigations in the roundabout way of summoning the tenants to his office rather than in calling upon them at the apartment and directly ascertaining conditions there. Indeed, it is impossible to see what right the defendants had either to exclude their tenants from having callers or to debar the representatives of the Expediter who wished to talk with the tenants about the alleged grievances of the latter. These representatives sought to call on the tenants as to lawful business with which both the Expediter and the tenants were properly concerned. They were in no sense mere interlopers whom the landlords might exclude from the passageways in the apartment house.

For the foregoing reasons the order of the district court is reversed and the case is remanded with instructions to issue an injunction pendente lite in accordance with the views expressed in this opinion.