**GRAYLYN BAINBRIDGE CORPORATION v. WOODS, Housing Expediter.**

**No. 13842.**

United States Court of Appeals
Eighth Circuit.

March 24, 1949.

William G. Boatright, of Kansas City, Mo., for appellant.

Nathan Siegel, Special Litigation Atty., Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, and Cecil H. Lichliter, Sp. Litigation Atty., Office of the Housing Expediter, all of Washington, D. C., for appellee.

Before GARDNER, Chief Justice, and RIDDICK and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The question for determination is whether the Housing Expediter in the discharge of the duties imposed upon him by the Housing and Rent Act of 1947 [1] is entitled to inspect a housing accommodation claimed by the owner to have been released from control by the 1947 Act without a judicial determination that the housing accommodation is "controlled" as a prerequisite to such investigation and whether a District Court has injunctive power to enforce that right. The question arises in the following manner.

---

[1] 50 U.S.C.A.Appendix, § 1881 et seq.

Appellant (defendant below) owns and operates a housing accommodation in the Kansas City Defense-Rental Area at 900–908 East Armour Boulevard, Kansas City, Missouri. It contends that the housing accommodation constitutes an apartment hotel commodation constitutes an apartment hotel, and as such was released from rent control by Subsection (c) (1) of Section 1892 of the Housing and Rent Act of 1947.[2] In July, 1948, the Housing Expediter through his duly authorized representatives sought to make an inspection of the premises and to interview the tenants for the purpose of determining what the facts were relative to the status of the establishment and whether the Housing and Rent Act was being violated. Defendant informed them that they had no right or authority to undertake to make an inspection of the establishment or to interview the "guests" occupying it "for the reason that the establishment was decontrolled by said Act of Congress", Subsection (c) (1) heretofore quoted, and requested them to cease attempting to inspect the property or to interview its occupants. Plaintiff then applied to the District Court for an injunctive order permitting him to make such investigation and inspection, alleging that defendant had violated Section 6 of the Rent Regulations for Housing[3] by refusing to permit plaintiff's representatives to make an inspection of the establishment or to interview its tenants.

Defendant answered asserting that (1) the Housing and Rent Act of 1947 conferred no jurisdiction on the court to issue an injunction unless there were both allegation and proof that the Act, not a regulation thereunder, had been or was about to be violated, (2) that plaintiff's representatives had no right to inspect the establishment or to interview the occupants without first

proving that the establishment was a "controlled housing accommodation" under the Housing and Rent Act of 1947, and (3) that it did not violate Regulation 6 because that regulation only applied to controlled housing accommodations. Upon a trial on the merits, the trial court found that defendant had refused to permit plaintiff's representatives to inspect the establishment and stated as its conclusion of the law that (1) the right of inspection and investigation by the Housing Expediter of any housing unit in a defense-rental area was not dependent upon a prior judicial determination that the housing unit was a controlled housing accommodation under the Housing and Rent Act of 1947, and (2) that under that Act the Housing Expediter had the right to make an investigation and inspection upon complaints received by him, or upon probable cause, the existence of which was to be determined by him, and (3) that defendant's refusal to permit the investigation and inspection violated the Act and Section 6 of the Regulation. A permanent injunction was issued ordering and directing defendant to permit the representatives of the Office of the Housing Expediter to inspect the housing accommodations and interview the tenants thereof. This appeal is from that judgment.

Defendant makes the same objections to the judgment that it made in its answer.

The contention that the Act of 1947 gives the District Court power to issue injunctions only upon proof of actual or threatened violations of the Act itself and not for violation of a regulation which the Act authorized the Housing Expediter to issue thereunder was determined, and we think correctly, by the Court of Appeals for the Second Circuit in Woods v. Carol Management Corporation, 168 F.2d 791, 792, when

---

[2] Subsection (c) (1) of Sec. 1892, Title 50 U.S.C.A.Appendix:

"(c) The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include—

"(1) those housing accommodations, in any establishment which is commonly known as a hotel in the community in which it is located, which are occupied by persons who are provided customary hotel services such as maid service, fur-

nishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service".

[3] 12 Fed.Reg. 4336. "Sec. 6. Inspection. Any person who rents or offers for rent or acts as a broker or agent for the rental of housing accommodations and any tenant shall permit such inspection of the accommodations by the Housing Expediter as he may, from time to time, require."

792

it upheld the right of inspection of the Housing Expediter under Section 6, supra, issued under authority of the Act of 1947. We agree with the following statement of that Court:

"Though the 1947 Act decreased somewhat the scope of the authority of the Expediter it still imposed upon him the duty of limiting the rents to existing ceilings, subject to a power of adjustment in the interest of justice. It did not in terms provide for inspection and it omitted the power to issue subpoenas given under the 1942 Act. We, however, believe it to be clear that the duties imposed by the Act of 1947 as well as the regulation adopted pursuant to Section 204(d) thereof justify the right to inspect leased premises in order to detect violations. If, as we hold, the Expediter through his agents has such a right, Section 206(b) of the 1947 Act and Section 205(a) of the 1942 Act enabled him to apply for "a permanent or temporary injunction, restraining order, or other order" to enforce compliance with the Act.

"The violations of the Act relied upon by the plaintiff were the refusal to allow inspection and the withholding by the defendants of access to their tenants. The Expediter represented a public interest and had an authority to take necessary steps to prevent such violations. While his information about violations was derived from complaints of tenants, such complaints, when reasonably verified, might form the basis for various proceedings to enforce the Act, and we see no justification for inconveniencing both the Expediter and the tenants by requiring the former to make his investigations in the roundabout way of summoning the tenants to his office rather than in calling upon them at the apartment and directly ascertaining conditions there. Indeed, it is impossible to see what right the defendants had either to exclude their tenants from having callers or to debar the representatives of the Expediter who wished to talk with the tenants about the alleged grievances of the latter. These representatives sought to call on the tenants as to lawful business with which both the Expediter and the tenants were properly concerned. They were in no sense mere interlopers whom the landlords might exclude from the passageways in the apartment house."

But defendant contends that should the District Court have the power to give injunctive aid to the enforcement of Section 6 of the Regulation, yet it cannot and should not do so until and unless it is first established that the establishment is a controlled housing accommodation under the Housing and Rent Act of 1947, or in this instance, that it is not an apartment hotel. Otherwise stated, the contention is that the power of investigation under Section 6 does not extend to an inquiry or investigation to discover whether the establishment is a "controlled" establishment.

Such a construction of Section 6 of the Regulation and the power of the Expediter to promulgate it is unjustifiably narrow. Section 204(d) of the Act, 50 U.S.C.A. Appendix, § 1894(d),[4] empowers the Expediter to issue such regulations and orders, consistent with the provisions of the Act, as he may deem necessary to carry out the provisions of Section 202(c), 50 U.S.C.A. Appendix, § 1892(c) (1) heretofore quoted. Section 6, construed as an authorization to make inspection and inquiry for the purpose of determining whether an establishment is controlled or not is certainly consistent with the direction of Congress implied in the Act that the Expediter make inquiry and investigation as to what accommodations are controlled as a necessary and proper preliminary incident to the enforcement of the Act as to them. It is more than consistent. It is essential to the performance of his duties under the Act. Defendant contends that the Expediter should, if other means were unavailable, be compelled to get his information by first instituting an action alleging violation of the Act and then take depositions, like a private litigant. The short answer to that argument is that the Expediter is not engaged in a private enterprise. He is dis-

4 50 U.S.C.A.Appendix, § 1894(d): "(d) The Housing Expediter is authorized to issue such regulations and orders, consistent with the provisions of this title, as he may deem necessary to carry out the provisions of this section and section 202(c) [section 1892(c) of this Appendix]."

charging a duty to the public imposed by the Act of Congress. The Congress has authorized him to make proper and necessary regulations enabling him to perform that duty.

The housing establishments in question are admittedly rental properties consisting of apartments occupied by guests or tenants. They may or may not be decontrolled by the Housing and Rent Act of 1947, supra. Section 6 contemplates an inquiry and investigation prior to a judicial determination of the controlled status of an establishment, and is entirely consistent with the Act and necessary to its proper enforcement. The power to issue the Regulation was clearly given by the Act. When the Regulation was issued, it became entitled to judicial enforcement as a part of and necessarily incident to the Act. It was the duty of the District Court to enforce it by injunction.

Defendant, in its argument in support of the contention that Section 6 only applies to controlled establishments and hence may not be utilized until the controlled status of the unit is established, directs attention to another Section of the Regulation, which provides that the regulation in its entirety should not apply to establishments decontrolled by Act of Congress.[5] That provision should not, for reasons heretofore stated, be construed as depriving the Expediter from making inquiry and investigation to determine facts relative to whether a housing accommodation is or is not within the classification of those decontrolled by Congress.

The judgment of the trial court is affirmed.

RIDDICK, Circuit Judge (dissenting).

Before the Housing Expediter is entitled to the injunction granted in this case, he should be required to allege and prove that the premises which he wishes to inspect are within his jurisdiction as controlled housing accommodations, or at least, that he has probable cause to so believe. The necessary allegation can not be found in the complaint. The Expediter offered no proof concerning the character of the housing accommodations. The only charge made in the complaint is that defendant is guilty of violation of a regulation promulgated by the Housing Expediter, which by its express terms does not apply to decontrolled accommodations. The Housing Expediter does not allege that he has any cause, probable or improbable, either to believe that the housing accommodations operated by appellant are within his jurisdiction as controlled housing accommodations, or that the appellant is guilty of any violation of the Housing and Rent Act of 1947, as amended, if perchance appellant's housing accommodations are not decontrolled by the Act.

Appellant in its answer alleged that its accommodations were decontrolled by the express terms of the Housing and Rent Act of 1947, as amended, and made an offer of proof which the court received. This evidence, uncontradicted as it is in this record, sustains the allegations of the answer, as we have just held in the case of Woods v. Western Holding Corporation, 8 Cir., 173 F.2d 655. The trial judge admitted as much, but thought it unnecessary to make a finding one way or the other. The court declared as a matter of law that the Housing Expediter had the right to make the inspection and investigation for which the mandatory injunction was sought "upon complaints received by him, or probable cause, the existence of which resides with the Expediter." But, as we have seen, there was neither allegation nor proof offered of either probable cause or complaints. On the record the Housing Expediter acts with-

---

[5] 13 Fed.Reg. 1861

"(2) Decontrolled housing to which this regulation does not apply. This regulation does not apply to the following:

"(i) Accommodations in hotels, motor courts, trailers and trailer spaces, and tourist homes. (a) Housing accommodations in a hotel (see definition of hotel in section 1) which on June 30, 1947, were occupied by persons to whom were provided customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy services (not necessarily all the types of services named need be provided in all cases, as long as enough are provided to constitute customary hotel services usually supplied in establishments commonly known as hotels in the community where they are located."

out either complaint, cause, or ground for curiosity.

The facts stated above distinguished this case from the Second Circuit case of Woods v. Carol Management Corporation, 168 F.2d 791.

The judgment should be reversed.