**ARGUELLO v. CROSS et al.**

No. 28827.

United States District Court
N. D. California, S. D.

Jan. 19, 1950.

James E. Burns, San Francisco, Cal., for plaintiff.

Ed Dupree, General Counsel, U. S. Housing Expediter, Washington, D. C., Francis X. Riley, Special Litigation Attorney, Office of Housing Expediter, Washington, D. C., Sidney Feinberg, Chief Litigation Section, Office of Housing Expediter, San Francisco, Cal., for defendants.

HARRIS, District Judge.

Plaintiff acquired certain real property in San Francisco January 4, 1947. Such real property, which had previously been used as a dormitory for St. Francis Hospital student nurses, was altered and remodeled by plaintiff so as to give rise to six housing accommodations.

On September 30, 1948, defendant, Area Rent Director, advised plaintiff that the property required registration. Plaintiff complied, under protest, with the registration request. On April 29, 1949, the Rent Director fixed the maximum for the accommodations.

By his complaint, plaintiff seeks to restrain the Housing Expediter from enforcing the rent ceiling, imposed upon the property; plaintiff also asks this Court to declare the rent order of April 29, 1949 void and the property purchased by plaintiff decontrolled. It is plaintiff's contention that the Housing and Rent Act of 1947, as amended in 1948, 50 U.S.C.A.Appendix, § 1892 (c), expressly exempts from control housing accommodations such as he has created by alterations and remodeling.

Defendants have moved the Court to dismiss the complaint on several grounds, the first of which is that plaintiff has failed to allege the exhaustion of his administrative remedies. Because the Court believes that this ground is controlling, it will not analyze the several other reasons presented by defendants for dismissing the action.

As stated in numerous decisions, courts will not interfere with the administrative process, but will require a plaintiff to pursue prescribed procedures and exhaust his administrative remedies before entertaining a petition or complaint seeking relief. Macauley v. Waterman Steamship Corporation, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Aircraft and Diesel Equipment Corporation v. Hirsch, 331 U.S. 752, 67 S. Ct. 1493, 91 L.Ed. 1796; Yakus v. U. S., 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 843. In

the instant case the original determination of what housing accommodations are subject to control lies with the Housing Expediter. The plaintiff must of necessity permit the Expediter to make such determination. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L. Ed. 638; Endicott-Johnson v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424. Plaintiff has failed to allege that he has followed all procedures made available to him under the Housing and Rent Act for resolving his dispute. Under these circumstances he may not now obtain relief in a Court of Equity Babcock v. Koepke, 9 Cir., 175 F. 2d 923; Woods v. Kaye, 9 Cir., 175 F.2d 886; Smith v. Duldner, 6 Cir., 175 F.2d 629.

Although there may be merit to the position taken by plaintiff in his interpretation of the Housing and Rent Act of 1948, he may not obtain court relief at this juncture. It is apparent from the pleadings that his attempt to obtain equitable relief is brought prematurely. Gates v. Woods, 4 Cir., 169 F.2d 440. Until the Housing Expediter has been afforded the opportunity of making a proper determination on the question of controls under the Housing and Rent Act, this Court may not interfere with the administrative process. Graylyn Bainbridge Corp. v. Woods, 8 Cir., 173 F. 2d 790; La Verne Co-op Citrus Association v. U. S., 9 Cir., 143 F.2d 415, 419.

Accordingly, it is ordered that defendants' Motion to Dismiss be and the same hereby is granted.