## CHA–TOINE HOTEL APARTMENTS BLDG. CORP. v. SHOGREN.

### No. 10762.

United States Court of Appeals
Seventh Circuit.

May 15, 1953.

Clarence N. Edelson, Joseph E. Bell, Chicago, Ill., for appellant.

Robert A. Sauer, Acting Gen. Counsel, David M. Scheffer, Sp. Litigation Atty., Office of Rent Stabilization, Washington, D. C., A. M. Edwards, Jr., Asst. Gen. Counsel, and Nathan Siegel, Sol., Washington, D. C., for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff, an Illinois corporation, filed suit on February 11, 1952, for a declaratory judgment seeking a determination that housing accommodations owned by it and alleged by its bill of complaint to be a "hotel" within the meaning of section 202(c) (1) (A) of the Housing and Rent Act of 1947 as amended July 31, 1951, 50 U.S.C.A. Appendix § 1892(c) (1) (A), are not controlled housing accommodations within the meaning of that Act. It named as defendant Norman B. Shogren, "An Executive Officer of the United States," and described him in the complaint as the "chief administrative officer in Chicago, Illinois, chargeable with performing official duties in the name of the President of the United States, pursuant to the statute mentioned * * *."

Defendant, on April 11, 1952, filed motion to dismiss on the following grounds:

"(1) The said Norman B. Shogren is a subordinate official subject to the orders of his superior, Tighe E. Woods, Director of Rent Stabilization, and said Director of Rent Stabilization cannot be sued in this action unless properly made a party to the same;

"(2) That administrative remedies available to the plaintiff have not been exhausted;

"(3) That this action is premature in that plaintiff complains only of a threatened action by the defendant on behalf of his superior;

"(4) That this action should be dismissed because, in legal effect, it is an action against the United States which may not be maintained without its consent; and

"(5) That plaintiff's complaint is a petition for a declaratory judgment which is not applicable to the United States."

An affidavit of Tighe E. Woods, Director of Rent Stabilization, stating that he had administered the powers, functions and duties under the Act since his appointment as such, and that his official residence was in Washington and he was not an inhabitant of Illinois, was filed on April 16, 1952, in support of the motion to dismiss.

On September 9, 1952, the court "Ordered that the defendant's motion to dismiss be and it is hereby sustained without prejudice to the plaintiff as to Cause No. 52–C–459 and that the order herein shall not stand to operate to support a plea of *res adjudicata* or act as an estoppel therein." The appeal is from this order.

Section 202(c), supra, defines the term "controlled housing accommodations" as "housing accommodations in any defense-rental area, except that it does not include—

"(1) (A) those housing accommodations, in any establishment which is commonly known as a hotel in the community in which it is located, which are occupied by persons who are provided customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of fur-

niture and fixtures, and bellboy service
* * *."

Alleging that certain described real property owned by it contains housing accommodations within an "establishment which is commonly known as a hotel" and occupied by persons who are provided with "customary hotel services" as defined in the Act, and that it has been informed by defendant that the latter "proposes and is about to take official action in the name of the President of the United States * * * and * * * intends to trespass upon the property described * * * and to interfere with the collection of rents," plaintiff asserts its right to a determination that its housing accommodations are not controlled within the purview of the statute. The theory apparently is that plaintiff is exempted from all controls by the express provisions of the statute and that it is therefore entitled to a declaration of such exemption to prevent any assertion by defendant of authority over it in his capacity as an officer of the United States.

Plaintiff contends that Koepke v. Fontecchio, 9 Cir., 177 F.2d 125, is squarely in point. There, the plaintiff owned a motor court which, under the provisions of the Act of 1947, was specifically excluded from the definition of controlled housing accommodations. The Housing Expediter issued a regulation establishing June 30, 1947, as the test date for decontrol. The court, in a suit for declaratory judgment and injunction, denied defendant's motion to dismiss and granted the relief sought, declaring that the premises were not controlled housing accommodations, and enjoined the Area Rent Director from fixing rents for the premises. It held that there was no issue of fact as to the character of the premises, the use made of them by the owner, or the date when they began to be used as a motor court (October 1, 1947), and that the regulation of the Expediter establishing a time limitation where the statute exempted motor courts without regard to time limitations was wholly unauthorized and invalid: "As the statute specifically excluded the accommodations here considered, it was self-executing." 177 F.2d at page 128.

258

We cannot agree with plaintiff that the Fontecchio case is authority for a similar judgment here. In that case, there was no question but that the premises were a motor court, and as such not subject to control; here, while there is similarly no question but that "hotels" are not subject to control, the question remains whether these particular premises were a hotel within the meaning of the Act, and the duty of initial investigation to determine the underlying facts (specified by the Act as controlling) is imposed upon the proper administrative officials, not upon the courts. 50 U.S.C.A. Appendix, § 1896(f) as amended July 31, 1951. Section 126 of Rent Regulations 3, promulgated September 21, 1951, provides for inspection of "any controlled housing accommodations *or housing accommodations which the Director has reason to believe may be controlled housing accommodations*" (italics ours) and the furnishing of information and inspection of records. Code of Federal Regulations 32A App., Chap. XXI, Sec. 126. The validity of this regulation as a basis for appropriate administrative action must be assumed. It is not for the courts to bypass such administrative procedures by making the initial determination of fact in a suit for declaratory judgment to which the Director of Rent Stabilization, responsible under the Act for its administration and enforcement, is not a party and not within the jurisdiction of the court.

A declaratory judgment is appropriate only when it will terminate the controversy giving rise to the proceeding; when it will not be effective in that respect, the court may decline to grant it. Borchard on Declaratory Judgments (2d Ed.) 312, 1042. In the instant case, it is not discernible how a judgment could have sufficient finality to terminate the controversy, in the absence of the Director as a party. To accomplish that purpose he was an indispensable party. Failure to make him a party, so we think, was sufficient reason for dismissal of the complaint. In any event, such failure lodged in the court a discretionary authority to do so. This is not the type of case where "the decree, if granted, would expend itself on the subordinate." See Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, permitting injunctive relief against a subordinate to prevent his carrying out the orders of his superior officer, entered after administrative hearing and presumably not vacated by direct judicial review. This is, instead, a proceeding to determine the status of property which plaintiff informs us it intends to use, if successful, as an estoppel by verdict in any subsequent proceedings which may be brought against it. The distinction between the two forms of relief is well stated in May v. Maurer, 10 Cir., 185 F.2d 475, 478:

"Here, in so far as May sought injunctive relief against the issuing or enforcement of an order by Maurer reducing the rent, an injunctive order would expend itself on Maurer, the subordinate official, and an action for that relief could be maintained without joining the Housing Expediter as a party defendant; however, that relief was only incidental to the main relief sought, which was a decree adjudicating that the leased premises were not subject to rent control and permanently enjoining the issuance of orders subjecting such premises to rent control. A decree could not effectively grant such principal relief unless it bound the Housing Expediter, and such a decree, if binding on the Housing Expediter, would interfere with the public administration of rent control. An action for such principal relief could not be maintained without joining the Housing Expediter as a party."

See also Graylyn Bainbridge Corp. v. Woods, 8 Cir., 173 F.2d 790, 10 A.L.R.2d 242; Rogers v. Skinner, 5 Cir., 201 F.2d 521, 524.

It must also be remembered that, as the court said in Public Service Comm. v. Wycoff Co., 344 U.S. 237, 241, 243, 246, 73 S.Ct. 236:

"The Declaratory Judgment Act * * * is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." 344 U.S. at Page 241, 73 S.Ct. at page 239.

"* * * While the courts should not be reluctant or niggardly in granting this relief in the cases for which it was designed, they must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions, especially in the field of public law." 344 U.S. at Page 243, 73 S.Ct. at page 240.

"* * * the declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as a substitute for statutory methods of review. It would not be tolerable, for example, that declaratory judgments establish that an enterprise is not in interstate commerce in order to forestall proceedings by the National Labor Relations Board, the Interstate Commerce Commission or many agencies that are authorized to try and decide such an issue in the first instance." 344 U.S. at Page 246, 73 S.Ct. at page 241.

We find no abuse of discretion in the action of the court in sustaining the motion of defendant to dismiss the complaint. Such being the situation, we do not consider matter outside the record presented on this appeal, relating to a rent enforcement action which appellee states has been instituted by the United States and which the court apparently referred to in its order of dismissal.

The order of the District Court is Affirmed.