**UNITED STATES of America,
Plaintiff,**

v.

**Clifford S. OTT and James M. Faulkner,
as individuals,**

**and**

**Clifford S. Ott and James M. Faulkner,
d/b/a Hollybrook Dairy, a partnership, Defendants.**

**UNITED STATES of America,
Plaintiff,**

v.

**LEWES DAIRY, INC., Defendant.**

**Civ. A. Nos. 2190, 2191.**

United States District Court
D. Delaware.

Feb. 13, 1963.

Alexander Greenfeld, U. S. Atty., Wilmington, Del., for plaintiff; Irwin Goldbloom, Dept. of Justice, Washington, D. C., and Joseph A. Walsh, Dept. of Agriculture, Washington, D. C., of counsel.

Richard H. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Ben Ivan Melnicoff, Washington, D. C., for defendants.

LAYTON, District Judge.

In these cases, the United States seeks temporary mandatory injunctions, under Section 608a(6) of the Agricultural Marketing Agreement Act of 1937,[1] to require the defendants to comply with the Secretary of Agriculture's Milk Marketing Order No. 16, 7 C.F.R. 1061 et seq. In particular, the Government seeks an order directing the defendant, Hollybrook Dairy, to pay the amount the Market Administrator has determined it owes to the Producer-Settlement Fund, and an order directing defendant, Lewes

Dairy, to file certain reports from which the extent of its obligation to the Producer-Settlement Fund can be determined.[2]

I find the following facts:

1. Defendant Hollybrook Dairy is a co-partnership with principal place of business in Laurel, Delaware, being within the jurisdiction of this Court.

2. Defendant Lewes Dairy, Inc., is a Delaware corporation with principal place of business in Lewes, Delaware, being within the jurisdiction of this Court.

3. Defendants are "handlers" as defined in § 1016.2(g) of Order No. 16 since they operate "pool plants" as defined in § 1016.3(b) (1) of the Order. Defendants are also "pool handlers" within the meaning of § 1016.2(h).

4. E. Hickman Greene is the Market Administrator duly designated by the Secretary of Agriculture to administer the provisions of Order No. 16.

5. Defendant, Hollybrook, admits that it has not paid any of the amounts determined by the Market Administrator to be due and payable by it to the Producer-Settlement Fund.

6. Defendant, Lewes, admits that it has not filed the monthly reports with the Market Administrator as required by Order No. 16. Nor has it made available to the Market Administrator records and facilities to check weights and butterfat tests as required by Order No. 16.

7. Order No. 16 has been declared invalid by the United States District Court for the District of Maryland in a suit brought by certain Maryland dairies, under Section 608c(15) (B),[3] to review an administrative decision that Order

---

1. "The several district courts of the United States are vested with jurisdiction specifically to enforce, and to prevent and restrain any person from violating any order, regulation, or agreement, heretofore or hereafter made or issued pursuant to sections 601–608, 608a, 608b, 608c, 608d–612, 613, 614–619, 620, 623 and 624 of this title, in any proceeding now pending or hereafter brought in said courts." 7 U.S.C. § 608a(6).

2. A detailed explanation of the mechanics of the regulation of milk marketing is found in Lehigh Valley Cooperative Farmers, Inc., v. United States, 370 U.S. 76, 78–81, 82 S.Ct. 1168, 8 L.Ed.2d 345, (1962).

3. 7 U.S.C. § 608c(15) (B).

**618**

No. 16 was valid. (See Willow Farms Dairy, Inc. v. Freeman, 206 F.Supp. 239 (D.Md.1962).

8. The United States Court of Appeals for the Fourth Circuit, pending an appeal by the Government from the Maryland District Court's order, has ordered a stay of the order of the Maryland District Court, and has ordered that Milk Marketing Order No. 16 be enforced.

9. Failure of this Court to order defendants to comply with Order No. 16 would result in unequal treatment between those handlers subject to the jurisdiction of the Fourth Circuit Court and those handlers subject to the jurisdiction of this Court.

The defendants' main argument against the issuance of the injunction prayed for is based on Lehigh Valley Cooperative Farmers, Inc. v. United States, 370 U.S. 76, 82 S.Ct. 1168, 8 L. Ed.2d 345 (1962). In that case, the Supreme Court held that to require Pennsylvania handlers to make certain "compensatory payments" to producers in the New York-New Jersey marketing area was invalid. Defendants here contend that they, as Delaware dairies selling in Maryland, are in an analogous situation to the Pennsylvania dairies selling in New York and New Jersey.[4]

■■ It is sufficient to say that the merits of the defendants' argument are irrelevant to this proceeding. Congress has provided an elaborate administrative procedure, with judicial review, whereby a handler can obtain relief if an " * * * order or any obligation imposed in connection therewith is not in accordance with law * * *." 7 U.S.C. § 608c(15) (A) and (B). By drawing an analogy to the Lehigh Valley case, defendants must be contending that Order No. 16, as applied to them, is not "in accordance with law" because the Secretary of Agriculture overreached his authority. The administrative procedure is the exclusive means of testing whether an order is in accordance with law. Invalidity is no defense to a 608a(6) enforcement proceeding. United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290 (1946).[5] Defendants will have an ample opportunity to make their argument when the suit they filed to review the Secretary's ruling that Order No. 16 is valid comes on for trial in this Court. But while the administrative process (including the judicial review) is pending, the Order should be enforced. This is made clear by Section 608c(15) (B) which states that "the pendency of proceedings instituted pursuant to this subsection [concerning administrative determination of validity and judicial review] shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title. * * * "

Other arguments advanced by defendants likewise do not convince the Court that it should frustrate the order of the Fourth Circuit Court of Appeals by denying enforcement of Milk Marketing Order No. 16 against the Delaware dairies.

The temporary mandatory injunctions for which the Government prays will be issued.

---

4. Defendants do not insist that the Lehigh Valley case is on all fours with their situation since they are not required to make "compensatory payments."

Indeed, to establish invalidity under the Lehigh Valley case, it would seem that a dairy would be required to show that, as applied to it, a given milk marketing order sets up an "economic trade barrier." Lehigh Valley, supra, 370 U.S. 91–98, 82 S.Ct. 1175. Such proof would probably require the introduction of considerable economic data and the testimony of economics experts to analyze the data.

5. Defendants maintained at the hearing that by authority of Lehigh Valley, Milk Order No. 16 was *unconstitutional* as applied to them. Not only is this a misinterpretation of the Lehigh Valley case, but unconstitutionality is likewise no defense to a 608a(6) enforcement proceeding. LaVerne Co-Op. Citrus Ass'n v. United States, 143 F.2d 415 (9th Cir. 1944).